IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
GAIL MILLIN,                    )
                                )
           Plaintiff,           )
                                )
     v.                         )  Civil Action No. 06-186J
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
           Defendant.           )
```

O P I N I O N

DIAMOND, D.J.

Pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"). 42 U.S.C. §§401-433. Presently before the court are cross-motions for summary judgment. For the reasons set forth below, plaintiff's motion will be granted, the Commissioner's motion will be denied and this case will be remanded to the ALJ for further proceedings consistent with this opinion.

Procedural History

Plaintiff filed her application for DIB on July 29, 2004, alleging disability beginning June 18, 2001, due to polymyalgia,

fibromyalgia, osteoporosis, rheumatism, memory loss and pain.[1] Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on October 18, 2005, at which plaintiff appeared represented by counsel. On October 27, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on June 16, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

## Standard of Review

As the factfinder, an ALJ has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Despite the deference to administrative decisions required by this standard, a reviewing court "retain[s] a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir.

---

[1] For purposes of plaintiff's DIB claim, she had acquired sufficient quarters of coverage to remain insured through December 2006.

1981)}. These well-established principles dictate that this court remand this case to the ALJ for further development at steps 4 and 5 of the sequential evaluation process because the record does not contain substantial evidence to support the ALJ's findings and conclusions at those steps.

## Statement of Material Facts

Plaintiff was 59 years old at the time of the administrative hearing and is classified as a person of advanced age under the regulations. 20 C.F.R. §404.1563(e). Plaintiff has a high school education through a general equivalency degree. Plaintiff has past relevant work experience as a van driver, delicatessen worker, cashier, cake decorator and seamstress, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of polyneuralgia of questionable etiology and a prior injury to the thoracic spine, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth at Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional

capacity to perform the exertional demands of less than a full range of medium work with a number of non-exertional limitations. Plaintiff is limited to occasional stooping and crawling, and she must avoid climbing ladders, ropes and scaffolds. She is limited to occasional fine fingering such as placing small objects into precise locations. Further, plaintiff must avoid prolonged exposure to cold temperatures and extreme wetness and humidity. Finally, plaintiff requires work that does not involve exposure to unprotected heights (collectively, the "RFC Finding"). Taking into account plaintiff's vocational factors and the RFC Finding, the ALJ determined that she could perform her past relevant work as a van driver and a delicatessen clerk. The ALJ further found that plaintiff also can perform other work that exists in the national economy, such as a house cleaner, janitor, mail sorter/router, housekeeper, product inspector, ampoule sealer or quotation clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

### Analysis

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind

of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at steps 4 and 5 of the sequential evaluation process. At step 4, the issue is whether plaintiff's residual functional capacity permits her to perform her past relevant work. 20 C.F.R. §404.1520(f). At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity.

AO 72
(Rev. 8/82)

20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Plaintiff's particular argument at steps 4 and 5 is that the ALJ's findings are not based on substantial evidence because he gave inadequate weight to the opinion of her treating rheumatologist, Dr. Alan Kivitz. According to plaintiff, despite giving great weight to Dr. Kivitz's treatment records, the ALJ unjustifiably gave less weight to an unsigned letter report by Dr. Kivitz dated January 26, 2005 (the "letter report"), in which he stated that plaintiff would not be able to engage in any type of consistent work activity because of her chronic pain, sleep disturbance and fatigue. (R. 256).

The ALJ's decision indicates that he gave less weight to Dr. Kivitz's opinion set forth in the letter report because the letter report was internally inconsistent and it was not signed by Dr. Kivitz. (R. 18). These reasons cited by the ALJ for assigning less weight to Dr. Kivitz's opinion as set forth in the letter report lack merit.

According to the ALJ, the letter report was inconsistent because Dr. Kivitz stated plaintiff experienced chronic pain and

was unable to work on a regular basis, yet he also stated that in December 2004, plaintiff's pain was managed with Ultracet and low dosages of steroids. (R. 17). To be clear, Dr. Kivitz stated in the letter report, "[w]hen [plaintiff] was last seen in our office on December 30, 2004, she was continuing to suffer from severe chronic musculoskeletal pain, managed with Ultracet for pain control and on low dose corticosteroids." (R. 256). The ALJ appears to have taken the above-quoted statement by Dr. Kivitz out of context in determining that it was inconsistent for Dr. Kivitz to state plaintiff's pain was managed with medications, yet she was unable to work. The ALJ seems to have assumed that plaintiff's pain was completely managed or controlled by medications, but that was not the case. Rather, Dr. Kivitz's complete statement indicates plaintiff still suffered severe and chronic pain, despite taking certain medications. While the plaintiff's pain was being "managed" through the use of certain medications, she still suffered severe and chronic pain according to Dr. Kivitz, thus it was not inconsistent for him to opine that plaintiff was unable to work on a regular basis.

This court's review of Dr. Kivitz's letter report indicates that it is not internally inconsistent, despite the ALJ's conclusion to the contrary. Although the ALJ incorrectly found Dr. Kivitz's letter report to be internally inconsistent, the ALJ did not discuss whether he found the letter report to be consistent with Dr. Kivitz's treatment records, which the ALJ stated he gave great weight. (R. 18). For these reasons, this

case must be remanded. On remand, the ALJ should reconsider Dr. Kivitz's opinion that plaintiff is unable to engage in any type of work as set forth in the letter report, and also assess whether that opinion is consistent with Dr. Kivitz's treatment records, which the ALJ gave great weight.

In addition, this case warrants remand because there was no basis for the ALJ to give Dr. Kivitz's letter report less weight because it was unsigned. The Commissioner has not cited any authority, nor has this court's independent research disclosed any authority, for the ALJ's decision to give less weight to Dr. Kivitz's letter report because he did not sign it. Dr. Kivitz's letter report appears on his letterhead, it is typewritten, and his name is typed at the conclusion of the document. If the ALJ had some question as to the authenticity of Dr. Kivitz's letter report because it was unsigned, he could have clarified that matter before issuing his decision, as the letter report was before the ALJ when he was considering plaintiff's case at the administrative level. On remand, the ALJ should seek any clarification or additional information from Dr. Kivitz that he requires in order to assess Dr. Kivitz's opinion set forth in the letter report.

In sum, on remand, the ALJ should further consider the amount of weight that should be afforded to Dr. Kivitz's opinion set forth in his letter report dated January 26, 2005. The ALJ shall develop the record as necessary to make that determination. Of course, if Dr. Kivitz's opinion regarding plaintiff's impairment

is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record, his opinion must be given controlling weight. See 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 43. Finally, depending on the ALJ's determination as to the amount of weight Dr. Kivitz's letter report deserves, the ALJ may be required to make additional findings at steps 4 and 5 as necessary.

## Conclusion

For the foregoing reasons, this case will be remanded to the Commissioner for further proceedings at steps 4 and 5 of the sequential evaluation process consistent with this opinion.

An appropriate order will follow.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

Date: October 31, 2007

cc: Karl E. Osterhout, Esq.
1789 South Braddock Avenue
Suite 570
Pittsburgh, PA 15218

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building